IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KEVIN GOODMAN, JR.,

          Petitioner,

v.                                          CIVIL ACTION NO.  2:23-cv-00122

SHELBY SEARLS, *Superintendent*,

          Respondent.

MEMORANDUM OPINION AND ORDER

On February 14, 2023, the Petitioner, proceeding *pro se*, filed his *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (Document 2) along with his supporting *Memorandum of Law* (Document 3).  Filed in response, on June 5, 2023, were the *Respondent's Motion to Dismiss and for Summary Judgment* (Document 12), the *Respondent's Amended Motion to Dismiss and for Summary Judgment* (Document 13), and the *Respondent's Memorandum in Support of Motion to Dismiss and for Summary Judgment* (Document 14).  Also pending is the Petitioner's *Motion for Discovery* (Document 21) filed on July 24, 2023.

By *Standing Order* (Document 5) entered on February 15, 2023, this action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.  On January 31, 2024, Magistrate Judge Eifert submitted a *Proposed Findings and Recommendation* (PF&R) (Document 27) wherein it is recommended that: 1) the Petitioner's *Motion for Discovery* (Document 21) be denied; 2) the Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (Document 2) be denied; 3) the *Respondent's Motion to*

*Dismiss and for Summary Judgment* (Document 12) and the *Respondent's Amended Motion to Dismiss and for Summary Judgment* (Document 13) be granted; and 4) this action be dismissed with prejudice and removed from the Court's docket.

Objections to the Magistrate Judge's PF&R were originally due by February 20, 2024. By *Order* (Document 29) entered on February 14, 2024, the objection deadline was extended to March 5, 2024. The *Petitioner's Motion to Make Objections and Exceptions to: Magistrate's Report and Recommendations* (Document 30) was docketed on March 7, 2024, with a Certificate of Service dated March 1, 2024, and a postmark of March 5, 2024.[1] For the reasons stated herein, the Court finds that the objections should be overruled, and the PF&R should be adopted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Magistrate Judge's PF&R fully explored the factual background and procedural history, and the Court provides only a summary of the facts and procedural history relevant to the PF&R and Objections. On May 12, 2015, a grand jury sitting in the Circuit Court of Fayette County, West Virginia, returned an indictment against the Petitioner Kevin Goodman, Jr., Antwyn Gibbs, Kentrell Goodman, Radee Hill, and Rashod Wicker, jointly charging them with the four felony offenses of conspiracy to commit a felony, first-degree robbery, illegal entry of a dwelling, and grand larceny. The indictment arose from a January 2015 home invasion and robbery in Oak Hill, West Virginia. Prior to trial, Kentrell Goodman ("Kentrell") and Rashod Wicker pled guilty to first-degree robbery. At trial, the State presented its theory that the five men drove together from South Carolina to West Virginia, robbed a resident of the Oak Hill home, whom Kentrell knew to keep a large sum of cash in a safe in his room, and immediately drove back to South

---

[1] Given the date on the Certificate of Service, the Court presumes that the Petitioner timely submitted his Objections for mailing.

Carolina.  The State offered eleven witnesses and multiple exhibits at trial, including testimony from Kentrell and Wicker.  The Petitioner testified in his own defense.  His girlfriend at the time, Courtney Curry, testified as his corroborating alibi witness.  On September 11, 2015, the Petitioner was convicted of conspiracy to commit a felony, robbery in the first degree, and illegal entry of a dwelling.  He was sentenced to a term of imprisonment of 52 to 65 years.  The Supreme Court of Appeals of West Virginia affirmed his convictions on March 9, 2017, and the judgment became final on April 1, 2017.

Mr. Goodman filed a Petition for Writ of Habeas Corpus in the Circuit Court of Fayette County on December 5, 2017, and amended the Petition on February 11, 2019.  Relevant here, he raised ineffective assistance of counsel on the ground that his trial counsel failed to offer video evidence from West Virginia turnpike toll booths which he claimed conclusively showed that he was not present in the vehicle with his co-defendants on the day of the robbery.  He also claimed that his trial counsel was ineffective by failing to offer two cautionary jury instructions, known as a *Humphreys* instruction and a *Caudill* instruction.  The Circuit Court conducted an omnibus hearing on the petition on August 27, 2019.  Mr. Goodman's trial counsel, Brandon Steele, appeared at Goodman's request and provided testimony regarding the tollbooth recordings and cautionary jury instructions.  The Circuit Court denied habeas relief on February 13, 2020, and Mr. Goodman appealed.  The West Virginia Supreme Court of Appeals ("WVSC") affirmed the Circuit Court's decision on June 8, 2022.

Mr. Goodman filed the instant federal § 2254 Petition on February 14, 2023.  Therein, he raises three grounds of relief.  He reiterates his two claims of ineffective assistance of counsel based on trial counsel's failure to "enter/review toll booth video – investigate case," and to request cautionary *Caudill* or *Humphreys* jury instructions.  (Petition at 5–7) (Document 2.)  He also raises

3

an "actual innocence" claim, alleging that his trial counsel did not adequately investigate his alibi defense or subpoena certain witnesses to support his alibi. (*See id.* at 8.)

Magistrate Judge Eifert recommended at the outset that Mr. Goodman's motion for discovery be denied because he did not satisfy the standard for allowing further factual development beyond the state court record, which Judge Eifert deemed well-developed and sufficient to resolve this matter. Judge Eifert noted that one of the three witnesses identified in Mr. Goodman's motion, Courtney Curry, had appeared at trial as his corroborating alibi witness, and thus her deposition would not provide the Court with any evidence not already in the record. Further, Mr. Goodman failed to raise Ms. Wicker or Ms. Bookman's absences at trial—or his trial counsel's failure to interview them—as grounds for habeas relief.

Regarding Mr. Goodman's ineffective assistance of counsel claims, Judge Eifert determined that his claim related to trial counsel's failure to request *Caudill* and *Humphreys* instructions was without merit. As to the video evidence, Judge Eifert found that the images captured in the videos and still photograph, "as they pertain to the rear occupancy of the vehicle, are not so unequivocal that they rebut the factual determinations of the state courts." (PF&R at 33) (Document 27.) Judge Eifert concluded that the "genuine difference of perception as to what is captured on the video recordings prevents Goodman from satisfying his clear and convincing burden of proof and mandates that this Court accept the factual determination of the state courts . . . that the video recordings and photograph are not sufficiently clear to exculpate Goodman." (*Id.*) Thus, Judge Eifert found that Mr. Goodman failed to establish that his trial counsel's performance was objectively unreasonable, and he failed to demonstrate that the result of his trial would have been different had his counsel offered the tollbooth evidence or requested the limiting jury instructions.

4

Regarding Mr. Goodman's actual innocence claim, Judge Eifert determined that the actual innocence gateway does not apply because Goodman did not allege that any ground in his § 2254 Petition was procedurally defaulted, and he presented no new evidence so convincing of his innocence that no reasonable juror would have convicted him.  To the extent that Mr. Goodman intended to raise an ineffective assistance of counsel claim based upon additional criticisms of his trial attorney submitted in support of his claim of actual innocence, Judge Eifert found that such claims were not properly before the Court because they were not asserted in either an original or amended petition, and thus Mr. Goodman failed to develop the record as to such issues.

## STANDARD OF REVIEW

### A.    Objections to PF&R

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982).  When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

B.      *Motions Pursuant to 28 U.S.C. § 2254*

28 U.S.C. § 2254 provides for federal review of a state prisoner's petition for a writ of

habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or

treaties of the United States."  28 U.S.C. § 2254(a).  Petitioners must exhaust all available state

remedies. *Id.* § 2254(b)(1).  Furthermore:

> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim –
>> (1) resulted in a decision that was contrary to, or involved an unreasonable
>> application of, clearly established Federal law, as determined by the
>> Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination
>> of facts in light of the evidence presented in the State court proceeding.

*Id.* § 2254(d)(1)–(2).  Factual determinations made by a state court are presumed correct,

and petitioners must rebut that presumption by clear and convincing evidence. *Id.* § 2254(e)(1).

Federal review of motions brought by prisoners in state custody under 28 U.S.C. § 2254 is

highly deferential. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *Robinson v. Polk*, 438 F.3d

350, 354-55 (4th Cir. 2006).   The Supreme Court explains that the "contrary to" clause

of § 2254(d)(1) means that "a federal habeas court may grant the writ if the state court arrives at a

conclusion opposite to that reached by this Court on a question of law or if the state court decides

a case differently than this Court has on a set of materially indistinguishable facts." *Williams v.*

*Taylor*, 529 U.S. 362, 413 (2000).  The "unreasonable application" clause of that section means

that "a federal habeas court may grant the writ if the state court identifies the correct governing

legal principle from this Court's decisions but unreasonably applies that principle to the facts of

the prisoner's case." *Id.*

"A state court's decision is unreasonable where it is 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement.'" *Valentino v. Clarke*, 972 F.3d 560, 580 (4th Cir. 2020) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).  If a state court applied the appropriate legal standard in a reasonable manner, the federal court may not grant habeas relief even if it would have reached a different conclusion. *Williams*, 529 U.S. at 406. "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id.* at 410 (emphasis in original).

## DISCUSSION

The Petitioner appears to contend that the Magistrate Judge erred in finding that his trial counsel's failure to introduce the tollbooth evidence does not constitute ineffective assistance of counsel, and in finding that the "actual innocence gateway" is unavailable here.  He argues that he is "entitled to have his request for additional discovery, heard upon hearing" and urges the Court to remand this matter to the Magistrate Judge for further proceedings.  (Objs. at 4.)

> *A.        Ineffective Assistance of Counsel – Tollbooth Video and Photographic Evidence*

Mr. Goodman contends he was not "timely furnished" copies of the tollbooth video recordings until June 16, 2023, after the WVSC had ruled on his appeal, and thus the state courts "could not have been aware of [the] photo stills taken from that video."  (Objs. at 2) (emphasis in original); (*see also id.* at 3.)  Ostensibly, Mr. Goodman is referring to the photo stills attached to his response to the Respondent's dispositive motion. (*See* Resp. Exs. 1–4) (Document 20-1.)  He argues that while the video recordings were part of the record below, the absence of the stills submitted in this matter—and which he claims to have enhanced—shows that the state courts "did

not examine anything except the side window picture which was glared," and did not engage in any "review of the rear window pictures as demonstrated to this Court."[2]  (Objs. at 2.)  He asserts that trial counsel "apparently was ineffective" in failing to recover the stills of the rear window. He maintains that the stills he submitted in the instant matter "clearly show[ ] and demonstrate[ ] [his] absence in the back seat."  (*Id.*)

Inasmuch as the record is replete with argument regarding the evidentiary value of the video recordings, Mr. Goodman's timeliness argument is belied by his Petition and the record below.  The video recordings have been part of the record from the time they were disclosed to Mr. Goodman's trial counsel, and Mr. Goodman's receipt of the videos as discovery in the instant matter has no bearing on the WVSCA's ability to review them before ruling in the state habeas proceeding.  Further, as Judge Eifert noted, the photo stills Mr. Goodman submitted showing the rear window of the vehicle do not constitute new evidence not previously available to the state courts.  These "enhanced" stills are merely paused images of the video recording.  The state courts appear to have reached the same conclusion in their review of the evidence.  The Circuit Court noted numerous times throughout its *Order Denying and Dismissing Petition* (Document 14-10) that it conducted a meticulous and repetitive review of the subject videos "both in still frame and at normal speed."  (*Order Den. & Dismissing Pet.* at 39 n.49); (*see also id.* at 31 n.46–48.)  The WVSC's analysis of the same evidence "yield[ed] no reason to quarrel with the circuit court's finding that the videos and photo are indiscernible, do not reveal the backseat occupancy as Mr.

---

[2] The Court notes that the still shots were taken from the South-facing video recording of Lanes 1-2.  (Document 14-24.)  The Petitioner appears to have paused the video at 1:34, 1:35, 1:36, 1:37, and 1:38.  The video and images depict the vehicle approaching the toll booth, briefly stopping to pay the toll, and exiting the toll area.  While the toll booth is lit from within, the interior of the vehicle remains dark.  As Judge Eifert observed, it appears that shapes and movements of multiple people can be detected in the backseat, contradicting the Petitioner's claim that the stills reveal only one person in the backseat.  (*See id.* at 1:37–1:50.)  It is unclear how the Petitioner enhanced the images he submitted, if at all.  Regardless, the Court notes that the video recording is clearer and more helpful than the stills.

Goodman argues, and offer little exculpatory value." (*Opinion* at 11) (Document 14-14). Thus, the record further belies Mr. Goodman's argument that the absence of the stills submitted here in any way prejudiced the state courts' review and examination of the evidence in the record. His objections should be overruled.

### B.      Actual Innocence

Mr. Goodman also objects to the Magistrate Judge's findings and recommendation as to his actual innocence claim by reasserting his argument that the Court may consider this claim under the "innocence gateway" or "fundamental miscarriage of justice" exception. As Judge Eifert noted, "actual innocence" is not typically recognized as a freestanding ground for habeas relief. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence."). However, "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." *Id.* at 386. In other words, the "innocence gateway" exception permits a federal court to review claims that would otherwise be unreviewable due to procedural default. *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995). Under the doctrine of procedural default, "federal courts generally decline to hear any federal claim that was not presented to the state courts 'consistent with [the State's] own procedural rules.'" *Shinn v. Ramirez*, 596 U.S. 366, 378 (2022) (quoting *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). As Judge Eifert determined, the innocence gateway does not apply here. Mr. Goodman does not assert—and the record does not reflect—that any of the grounds for relief in his Petition were procedurally defaulted. Indeed, it appears Mr. Goodman followed every procedural rule under West Virginia law in pursuing his claims below. Even so, the Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare," *McQuiggin*, 569 U.S.

9

at 386, and "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S. at 329). Consistent with its findings above, the Court finds no error in Judge Eifert's conclusion that Mr. Goodman has not presented any new evidence so convincing of his innocence that no reasonable juror would have convicted him.

Mr. Goodman also appears to argue, for the first time, that under *Martinez v. Ryan*, 566 U.S. 1 (2012), his ineffective assistance of trial counsel claim *was* procedurally defaulted, but that there is "cause" to forgive such default because West Virginia requires ineffective assistance of trial counsel claims to be made in post-conviction habeas proceedings. (*See* Objs. at 3–4.) Because this claim was not raised in his Petition or briefing before the Magistrate Judge, it is not properly before the Court. Nevertheless, the Court notes that Mr. Goodman appears to misunderstand the applicability of *Martinez*. The Supreme Court in *Martinez* determined that the AEDPA did not bar a habeas petitioner from relying on the ineffectiveness of his *post-conviction counsel* to establish "cause" for his procedural default in failing to raise a claim of ineffective assistance of trial counsel in his first state post-conviction proceeding. *Martinez v. Ryan*, 566 U.S. 1, 17 (2012). Here, Mr. Goodman's post-conviction counsel did raise claims of ineffective assistance of trial counsel, which claims Mr. Goodman has continued to pursue in the present Petition. There is no procedural default. Accordingly, the Court finds that the objection should be overruled.

Inasmuch as Mr. Goodman continues to argue that he should be permitted to present additional evidence regarding witness testimony not presented at trial, the Court reiterates Judge Eifert's finding that such claims are not properly before the Court because Mr. Goodman failed to develop the record below as to this claim which lies beyond the scope of the Petition.

10

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the *Proposed Findings and Recommendation*, and **ORDERS** that the Petitioner's *Motion for Discovery* (Document 21) be **DENIED**, the Petitioner's *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (Document 2) be **DENIED,** the *Respondent's Motion to Dismiss and for Summary Judgment* (Document 12) and the *Respondent's Amended Motion to Dismiss and for Summary Judgment* (Document 13) be **GRANTED**, and this action be **DISMISSED WITH PREJUDICE** and **REMOVED** from the Court's docket.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Eifert, counsel of record, and any unrepresented party.

ENTER:   March 19, 2024

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

11